UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

        Case Number: 15-cr-20788

v.

        Honorable Thomas L. Ludington

TRACEY LAFOND,

        Defendant.
_____/

**ORDER DENYING MOTION IN LIMINE**

On December 19, 2012 law enforcement officers executed a search warrant at 3791 Riata Drive after law enforcement agents determined that the holder of an IP address for a computer located at that address was regularly downloading and sharing files depicting child pornography using a peer-to-peer software known as FrostWire. Residing at 3791 Riata Drive were Defendant's parents, Defendant, Defendant's girlfriend, and his girlfriend's two-year old daughter.

During the search Lafond stated that he used FrostWire to obtain pornography, but that he did not specifically look for child pornography. According to the Government, Lafond also admitted that he had downloaded movies that included child pornography, but that he would stop watching and delete the videos when he noticed underage children engaged in sexual acts. The Government contends that search terms used by the computer operator were intended to, and did locate child pornography. For example, a forensic analysis of the computer uncovered Google searches for "young girls," "young girls fuck," "young girls on girls," and "young pussy."

Videos shared via FrostWire from the computer allegedly included files entitled "pedo- Vicky 6 – pedofilia 13 anos(2).mpg," "elenahotel.com child cbaby True Pedo – Lada at 07yo- Cute little girl sucks dads dick – her ass 9yr laura suck ((hussyfan)) (Pthc) 6Yo RCa (Marissa).mpg," and (Pthg)9Yo Izabel – Anal (with sound).mpg." The Government also determined that somebody had used a computer cleanup program called Advanced SystemCare v5 to delete search term history.

On December 9, 2015, an indictment was issued charging Defendant Tracy Leigh LaFond with the following three counts: (1) Distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1); (2) Receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1); and (3) Possession of child pornography involving a prepubescent minor or a minor who had not attained 12 years of age in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). ECF No. 1.

Defendant Lafond is scheduled to proceed to a jury trial on February 14, 2016. On November 10, 2016 the Government filed a notice of its intent to offer evidence that in approximately October of 2011 Defendant Lafond molested a ten year old child, H.D., by inserting his hand in H.D.'s underwear and rubbing H.D.'s genitalia. *See* ECF No. 32. Defendant argues that the evidence is admissible under Federal Rule of Evidence 414. On December 30, 2016 Defendant Lafond filed a motion to exclude the proposed evidence, arguing that it does not fall within the meaning of Rule 414, and is unfairly prejudicial under Rule 403. *See* ECF No. 50. Defendant's motion will be denied.

**I.**

In order to prevail at trial, the Government will be required to show that Defendant Lafond knowingly received, possessed, and distributed child pornography, and that he knew that the images and videos depicted minors in a sexually explicit way. *See United States v. X-Citement Video, Inc.*, 513 U.S. 64, 78 (1994); *United States v. Brown*, 25 F.3d 307, 309 (6th Cir. 1994). Under the Federal Rules of Evidence, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *See* FED. R. EVID. 404(b)(1). In other words, evidence tending to show that a defendant has a propensity to act a certain way is inadmissible for demonstrating that the defendant acted in such a way on the occasion in question. Through Federal Rules of Evidence 413 and 414 Congress has created two major exceptions to this general prohibition for criminal matters.

Relevant to this case is Rule 414, providing that, "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation." *Id.* "Child molestation" is defined to include any conduct prohibited by 18 U.S.C. chapters 109A and 110. *See* FED. R. EVID. 414(d)(2). Evidence that falls within the ambit of Rule 413 is only admissible if it is found to be relevant under Rule 402. *See* FED. R. EVID. 414 (a) ("[t]he evidence may be considered on any matter to which it is relevant.").

**A.**

Defendant first argues that Rule 414 is inapplicable. He acknowledges that the Sixth Circuit has found propensity evidence admissible in cases that involve charges of production of child pornography. *See, e.g. United States v. Sanchez*, 440 F. App'x 436 (6th Cir. 2011).

However, Defendant argues (without citation) that Rule 414 is inapplicable to his case because he is not charged with production, but only with distribution, receipt, and possession of child pornography. The argument is without merit. It is undisputed that the crimes with which Defendant Lafond is charged fall within 18 U.S.C. Chapter 110. *See* Rule 414(d)(2). Moreover, in an unpublished case, the Sixth Circuit has found Rule 413 applicable to cases involving distribution, receipt, and possession of child pornography. *See United States v. Hough,* 385 F. App'x 535, 536 (6th Cir. 2010) (finding evidence of a defendant's prior sexual assaults of girls under the age of fourteen admissible under Rule 414 where the defendant was charged with attempting to receive and knowingly possessing child pornography, but inadmissible under Rule 403 as unfairly prejudicial).

Defendant's contention that prosecution was never pursued regarding the incident with H.D. is somewhat misleading, considering that the Midland Prosecutor's office did not prosecute the criminal sexual conduct while the federal prosecutors pursued the pornography charges, and also attempted to work out a global plea agreement with Defendant resolving both the child pornography charges and the criminal sexual assault charge. Moreover, nothing in Rule 414 requires that a defendant be charged with a crime in order for propensity evidence to be admissible and relevant under the rule, and Defendant has not cited any case establishing such a requirement.

**B.**

Evidence that is otherwise admissible under Rule 414 is nevertheless subject to the Rule 403 balancing test. *United States v. Seymour*, 468 F.3d 378, 385-86 (6th Cir. 2006) (citing *United States v. LeMay*, 260 F.3d 1018, 1027 (9th Cir. 2001)). "A court considering the

admissibility of Rule 414 evidence must first determine whether the evidence has probative value, recognizing 'the strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible.' " *United States v. Gabe*, 237 F.3d 954, 959 (8th Cir. 2001) (quoting *United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997)). As explained by the Sixth Circuit, prior molestations create the logical inference the defendant "has a sexual interest in children that is strong enough to cause him to break the law." *United States v. Hall*, 2000 WL 32010 *3 (6th Cir. 2000) (table).

Under Federal Rule of Evidence 403, a Court may exclude otherwise admissible evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." FED. R. EVID. 403. "The admission or exclusion of evidence under Rule 403 is within the sound discretion of the trial court." *United States v. Reynolds*, 762 F.2d 489, 494 (6th Cir. 1985). Defendant argues that evidence that he molested H.D. has a high danger of unfair prejudice that outweighs its probative value. In *United States v. LeMay*, the Ninth Circuit articulated a list of relevant factors district courts should consider in determining whether to admit evidence of a defendant's prior acts of sexual misconduct. 260 F.3d 1018, 1028 (9th Cir. 2001). Those factors include: "(1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond testimonies already offered at trial." *Id*. (quotations and citation omitted).

The Sixth Circuit has previously upheld decisions to preclude evidence of prior child molestations where "the evidence of prior acts is 'more lurid and frankly more interesting than the evidence surrounding the actual charges' and there is a danger the jury would pay undue

attention to proof of the prior acts." *Hough*, 385 F. App'x at 537 (citing *United States v. Stout*, 509 F.3d 796, 801 (6th Cir. 2007)). In *Hough*, the Sixth Circuit agreed with the district court that the danger of unfair prejudice outweighed the probative value of evidence of a past molestation in a receipt of child pornography case. *Id*. At 536-38. The Sixth Circuit has also upheld decisions to admit evidence of prior sexual abuse of a minor in the context of a receipt of child pornography case where the defendant argued that he received child pornography unsolicited and deleted the material as soon as he became aware of its contents, and the government introduced the evidence to prove defendant's state of mind. *See United States v. Hall*, 2000 WL at * 3.

While disturbing, the prior incident with H.D. is not unusually lurid, salacious, or violent. The danger that a jury would unfairly focus on that evidence is therefore small. The alleged molestation of H.D. occurred in October of 2011, which is the same year that Defendant allegedly began downloading pornographic videos via FrostWire. However, the physical molestation of H.D. is an isolated act, and is not substantially similar to the receipt, distribution, and possession of child pornography for which Defendant Lafond is charged. While evidence related to the incident with H.D. tends to show that Defendant has a sexual interest in children, there is no direct connection between that act and the pornography offenses for which Lafond is charged. Furthermore, the Government appears to have substantial evidence that Lafond regularly downloaded and viewed pornography on his computer via FrostWire, including Lafond's own statements to law enforcement officers. The Government therefore does not have a strong need for the evidence.

Nevertheless, evidence related to the alleged molestation of H.D. is precisely the kind of evidence Congress intended to render admissible through the adoption of Rule 414. The evidence does not have a strong danger of unfair prejudice, and is probative of Defendant's propensity to act out on his sexual interest in children. It is also probative of Defendant's knowledge and intent, particularly if he argues that he did not intend to possess, receive, and distribute material that depicted minors engaged in sexual acts. *See X-Citement Video,* 513 U.S. at 78. For these reasons, Defendant's motion in limine will be denied.

## II.

Accordingly, it is **ORDERED** that Defendant's motion in limine, ECF No. 50, is **DENIED**.

Dated: January 24, 2017
s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 24, 2017.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager

---