UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

        Case Number: 15-cr-20788

v.

        Honorable Thomas L. Ludington

TRACEY LAFOND,

        Defendant.
_____/

**ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA, DENYING GOVERNMENT'S MOTIONS IN LIMINE AS MOOT WITHOUT PREJUDICE, AND RESCHEDULING SENTENCING HEARING**

On December 19, 2012 law enforcement officers executed a search warrant at 3791 Riata Drive after law enforcement agents determined that the holder of an IP address for a computer located at that address was regularly downloading and sharing files depicting child pornography using a peer-to-peer software known as FrostWire. Residing at 3791 Riata Drive were Defendant's parents, Defendant, Defendant's girlfriend, and his girlfriend's two-year old daughter.

During the search Lafond explained that he used FrostWire to obtain pornography, but that he did not specifically look for child pornography. According to the Government, Lafond also admitted that he had downloaded movies that included child pornography, but that he would stop watching and delete the videos when he noticed underage children engaged in sexual acts. The Government contends that search terms used by the computer operator were intended to, and did locate child pornography. For example, a forensic analysis of the computer uncovered Google searches for "young girls," "young girls fuck," "young girls on girls," and "young

pussy." Videos shared via FrostWire from the computer allegedly included files entitled "pedo-Vicky 6 – pedofilia 13 anos(2).mpg," "elenahotel.com child cbaby True Pedo – Lada at 07yo-Cute little girl sucks dads dick – her ass 9yr laura suck ((hussyfan)) (Pthc) 6Yo RCa (Marissa).mpg," and (Pthg)9Yo Izabel – Anal (with sound).mpg." The Government also determined that somebody had used a computer cleanup program called Advanced SystemCare v5 to delete search term history.

## I.

On December 9, 2015, an indictment was issued charging Defendant Tracy Leigh LaFond with the following three counts: (1) Distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1); (2) Receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1); and (3) Possession of child pornography involving a prepubescent minor or a minor who had not attained 12 years of age in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). ECF No. 1.

### A.

After a series of extensions – in part to allow Defendant Lafond to obtain a forensic examination of the computer – the jury trial was scheduled to commence on February 14, 2017. On November 10, 2016 the Government filed a notice of its intent to offer evidence pursuant to Federal Rule of Evidence 414 that, in approximately October of 2011, Defendant Lafond molested a ten year old child, H.D., by inserting his hand in H.D.'s underwear and rubbing H.D.'s genitalia. *See* ECF No. 32. The incident was allegedly the subject of a March 11, 2013 police report. On December 30, 2016 Defendant Lafond filed a motion to exclude the proposed evidence, arguing that it does not fall within the meaning of Rule 414, and is unfairly prejudicial

under Rule 403. *See* ECF No. 50. By an order dated January 24, 2017, Defendant's motion was denied. The Court reasoned that the prior acts evidence fell within the meaning of Rule 414, and did not otherwise present a danger of unfair prejudice that outweighed its probative value under Rule 403.

**B.**

Following entry of that order Defendant entered into a Rule 11 plea agreement with the government, in which Lafond agreed to enter a plea of guilty to Count 2 of the indictment, charging him with receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2). Through the plea agreement, Defendant admitted that on August 7, 2012, he "knowingly received child pornography as defined in 18 U.S.C. § 2256, from Bay City, Michigan, by using the Internet, his computer and peer-to-peer software." *See* Rule 11 p. 2, ECF No. 57. Defendant also acknowledged that he installed the peer-to-peer software known as Frostwire and used it, among other things, to "download and share child pornography with other Frostwire users' computers." *Id.* at p. 3. Importantly, the plea agreement provided as follows:

> **OTHER CHARGES**
>
> If the Court accepts this agreement, the government will dismiss counts one and three of the indictment at sentencing. In addition, the federal government, as well as the Midland County Prosecutor's Office, will not bring additional charges against defendant based on any of the conduct reflected in the attached worksheets, the factual basis for the plea, and other discovery material.

*Id.* at p. 10. Through this provision, the state of Michigan agreed not to charge Lafond with a second degree criminal sexual conduct ("CSC) arising out of the October, 2011 incident in which he allegedly fondled the vagina of H.D., a ten year old. Lafond and his attorney signed the agreement on January 31, 2017. *Id.* at p. 14.

Through the worksheets attached to the plea agreement, the parties determined that Lafond had a category V criminal history. *Id*. at c-3. However, the parties agreed that if the Court found the Defendant's criminal history category to be higher than reflected in the attached worksheets resulting in a higher guideline range, "the higher guideline range becomes the agreed range of the parties." *Id*. at 6. The plea agreement also left open a dispute about the relevant guideline range, to be resolved at sentencing. The Government argued that Lafond should be subject to sentencing enhancements pursuant to U.S.S.G. § 2G2.2(b)(2) (establishing a two point enhancement where pornographic materials involve a prepubescent minor or a minor who had not attained the age of 12 years), § 2G2.2(b)(7)(D) (establishing a 5 point enhancement where the offense involved 600 or more images), and § 2G2.2(b)(3)(F) (establishing a two-level enhancement for engaging in knowing distribution). The Government therefore asserted that Lafond's guideline range was 235 to 240 months. *Id*. at pp. 5-6. Defendant Lafond reserved the right to contest the enhancements under §§ 2G2.2(b)(2) and 2G2.2(b)(3)(F). Defendant also argued that, because the offense involved less than 300 images, he should only be subject to a three point enhancement under § 2G2.2(b)(7)(B), instead of the five point enhancement under § 2G2.2(b)(7)(D). The parties' dispute regarding the number of images arises out of a dispute over the number of frames involved in each of the pornographic videos that Lafond received. As a result, Lafond argued that his guideline range was 130 to 160 months.

On January 31, 2017, Defendant entered a guilty plea on the record. At the time of the plea hearing, Lafond testified that he had discussed the Rule 11 agreement "in depth" with his attorney, and was satisfied with his advice and assistance. *See* Plea Tr. P. 5. In response to the Court's inquiry, Lafond testified that he had read the plea agreement, and had had a chance to

compare the provisions of the agreement with the guidelines he could have been subject to had he proceeded to trial and been found guilty. *Id*. He further testified that he understood the rights he would be relinquishing. *Id*. at 6-7. After the Government read the plea agreement into the record, Lafond affirmed that he did not hear anything different than his understanding of the agreement. *Id*. at 7-15.

When asked if he disagreed with any of the representations in the plea agreement, Lafond stated that he disagreed with the allegation that he had knowingly distributed child pornography on May 17, 2012. The Court therefore went into a 15 minute recess to allow Lafond to speak to his attorney regarding the factual basis for the guilty plea. After the hearing resumed, the parties informed the Court that they had agreed to some changes to the plea agreement, particularly omitting some allegations surrounding Lafond's distribution of child pornography, omitting allegations related to his use of a computer cleanup program to delete pornographic files, and deleting reference to particular search terms Lafond had used such as "young, incest, family, black, teen, mothers, pthc, hussyfan and Lolito." *See* Plea Tr. P. 18-19. Lafond testified that he had participated in the process of making these changes. *Id*. at 19.

The Court then asked Lafond to describe the conduct that he believed made him responsible for the offense. The exchange proceeded as follows:

> Lafond: I downloaded movies.
>
> The Court: Okay.
>
> Lafond: Some – some appeared – some were child pornography that ended up on my computer.
>
> The Court: You acknowledge that those were downloaded to your computer?
>
> Lafond: Yes, sir.

| | |
|---|---|
| The Court: | As a result of search terms that you were using? |
| Lafond: | No. There was – it was copying – copy and pasting other individuals' computers, what they had. |
| The Court: | Sharing? |
| Lafond: | Yeah. There wasn't search terms. It wasn't looked for as in search terms. It was – I was connected to somebody else's computer, I downloaded everything they had on their computer, without seeking such, I guess. |

*Id*. at 20. Lafond explained that the computer was located in his bedroom. *Id*. Lafond then entered a guilty plea that the Court accepted after finding that Lafond was capable of entering a knowing plea, and that he had tendered his plea freely and voluntarily. *Id*. at 21-22. The Court also requested an amended Rule 11 agreement reflecting the edits that the parties had agreed to. *Id*. at 23.

## C.

Lafond's sentencing was scheduled for May 18, 2017. *See* ECF No. 58. On April 6, 2017 Defendant filed a motion to withdraw his guilty plea. *See* ECF No. 61. According to that motion, when Defendant's attorney met with him to sign the amended Rule 11 plea agreement on March 13, 2017, Lafond refused to sign his name. Instead, Lafond asserted that he was innocent of the crimes for which he was charged. Lafond also asserted a belief that he had been pressured into pleading guilty because the jail had withheld dental care from him until he entered his guilty plea. *See* ECF No. 61. The Government filed a response opposing Defendant's motion on April 11, 2017. *See* ECF No. 62.

On April 20, 2017 the probation department completed a Presentence Investigation Report ("PSR") for Defendant Lafond. The PSR agreed with the Government that Lafond was

subject to a two point enhancement under § 2G2.2(b)(2), a two point enhancement under § 2G2.2(b)(3)(F), and a five point enhancement under § 2G2.2(b)(7)(D). The PSR disagreed with the plea agreement finding that Lafond's criminal history category was V. Instead, the PSR found that because Lafond had a total criminal history score of 19, his appropriate criminal history category was VI. Based on a total offense level of 34 and a criminal history category of VI, the probation department found Lafond's guideline range to be 262 months to 327 months. However, due to a statutory maximum sentence of 20 years or less, the guideline term of imprisonment was found to be 240 months under § 5G1.1(a).

On May 18, 2017, instead of holding Lafond's sentencing hearing as scheduled, a hearing was held on his motion to withdraw his guilty plea. At that time, Lafond first alleged that he had felt coerced to enter a guilty plea due to the Court's observation (presumably made at the time of the final pretrial conference) that if Lafond went to trial he could be subject to consecutive sentences if he was convicted on both the federal charges and the state court CSC arising out of the October 2011 incident involving H.D. Lafond also stated his belief that the Bay County Jail had denied him dental care in order to coerce him into tendering a guilty plea. Lafond further argued that he had entered a guilty plea under "false pretenses," believing that he would enjoy a lower sentencing guideline range. Finally, Lafond claimed that he was innocent of the charge of knowingly receiving child pornography, and that the offense was likely committed by another resident of the house who had access to the computer: namely, his prior girlfriend.

## II.

A defendant does not have an absolute right to withdraw a guilty plea that has been accepted by the court. "A defendant may withdraw a plea of guilty," Federal Rule of Criminal

Procedure 11 provides in pertinent part, "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *see United States v. Hyde*, 520 U.S. 670, 671 (1997). "The purpose of the rule is to allow a hastily entered plea made with unsure heart and confused mind to be undone." *United States v. Martin*, 668 F.3d 787, 794 (6th Cir. 2012) (internal quotations and alterations omitted).

In determining whether a defendant has identified a fair and just reason, a district court should exercise its discretion with a degree towards the following factors:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*Id.* (quoting *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994)). District courts are encouraged to clearly articulate their reasons for granting or denying a defendant's request to withdraw a guilty plea. *Id.*

Considering the relevant factors, Lafond has not identified any fair and just reason for withdrawing his guilty plea. With regard to the first two factors, Lafond waited over 40 days to request that a motion be filed, and 60 days to actually file a motion to withdraw his guilty plea. He did not identify any valid reason for the delay. Concerning the third factor, despite Lafond's claim to the contrary, he has not consistently maintained his innocence. Instead, at the time of the initial search he admitted to the officers that he had used the Frostwire program on his computer, and had knowingly downloaded videos containing child pornography. Again through

the Rule 11 Plea Agreement and at the time of his guilty plea, Lafond admitted that he had downloaded movies that he knew to have contained child pornography. *See* Rule 11 p. 2; Plea Tr. p. 20. Lafond's guilty plea was not hastily entered. By his own admission he reviewed the plea agreement "in depth" with his attorney. Defendant was mentally capable of entering a knowing and voluntary plea, and has prior experience with the criminal justice system. Finally, the government would be prejudiced if Lafond was allowed to withdraw his plea. As pointed out by the Government, if Lafond is allowed to withdraw his plea, his alleged victim, H.D. would potentially be required to testify in both the federal trial and a state trial. *See United States v. Lineback*, 330 F.3d 441 (6th Cir. 2003).

Crucially, Defendant has not identified any "fair and just" reason for withdrawing his plea. His allegation that he was coerced by the Court is without merit, as a court's observation of the factual consequences of a defendant's decision to proceed to trial does not amount to coercion. Instead, it is a crucial part of the inquiry required to ensure that a defendant's exercise of his rights is knowing and voluntary. The allegation regarding the withholding of dental care is, without more, a mere conspiracy theory. And finally, Defendant's argument that he was unaware of his possible sentence under the relevant guidelines is without merit. Both through his plea agreement and at the time of his plea hearing he was apprised of his potential guideline ranges. Lafond agreed as part of his plea agreement that if the Court found his guideline range to be higher due to a higher criminal history category, e.g. V instead of VI, "the higher guideline range becomes the agreed range of the parties." *See* Plea Agreement 6. The fact that a defendant's guideline range is higher than expected is not a fair and just reason for withdrawal of guilty plea. *See United States v. Gibson*, 135 F.3d 11 24, 1127 (6th Cir. 1998).

Defendant's motion to withdraw his guilty plea will be denied. Because Defendant will be sentenced based on his guilty plea, the Government's pending motions in limine will be denied as moot, without prejudice.

## III.

Accordingly, it is **ORDERED** that Defendant's motion to withdraw his guilty plea, ECF No. 61, is **DENIED**.

It is further **ORDERED** that the Government's motions in limine, ECF Nos. 44, 53, are **DENIED as moot, without prejudice.**

It is further **ORDERED** that Lafond's sentencing hearing is **RESCHEDULED** for **June 26, 2017 at 3:00 p.m.**

Dated: June 1, 2017                              s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 1, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager