UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TRACY LIEGH LAFOND,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.

_____/

CRIMINAL CASE NO. 15-CR-20788
CIVIL CASE NO. 19-CV-11329

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE and RESPONDENT'S MOTION TO DISMISS
(R. 90, 95)

**I.   RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that Respondent's Motion (R. 95) be **GRANTED**; that Petitioner's Motion (R. 90) be **DENIED**; and that the civil case be **DISMISSED**.

**II.   REPORT**

    **A.   Introduction**

On May 6, 2019, Petitioner Tracey Liegh LaFond field the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (R. 90.) On May 15, 2019, Respondent filed the instant motion to dismiss Petitioner's Motion. (R. 95.) Both motions were referred to the undersigned magistrate judge. (R. 92, 96.) Petitioner filed a Response to Respondent's Motion to Dismiss (R. 97) and Respondent filed a reply. (R. 98.) These motions are therefore ready for Report and Recommendations without oral argument. *See* E.D. Mich. LR 7.1(f)(2).

### B. Background

On December 9, 2015, Petitioner was charged in a three-count Indictment with distribution of child pornography, receipt of child pornography, and possession of child pornography involving a prepubescent minor or a minor who had not attained 12 years of age, in violation of 18 U.S.C. §§ 2252A(a)(2), 2252A(a)(2) and (b)(1), and (b)(1), (a)(5)(B) and (b)(2), respectively. On January 31, 2017, Petitioner pleaded guilty to Count Two of the Indictment, receiving child pornography. (R. 57.) Petitioner filed a motion to withdraw plea (R. 61,) but that motion was denied. (R. 67.) On June 26, 2017, Petitioner was sentenced and on June 29, 2017, Judgment was entered sentencing Petitioner to the Bureau of Prisons for 235 months and supervised release for a term of five years. (R. 69 at PageID.393-94.) Petitioner filed a notice of appeal on July 6, 2017. (R. 70.) On January 9, 2018, the Sixth Circuit Court of Appeals issued an order dismissing Petitioner's appeal based on the appellate waiver contained in the plea agreement. (R. 85.) Petitioner did not seek a writ of certiorari from the United States Supreme Court. Petitioner signed the instant motion to vacate sentence on April 16, 2019, and certified that he placed the motion in the prison mailing system on April 17, 2019. (R.90.)

### C. Analysis and Conclusion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), established a one-year statute of limitations on § 2255 petitions, which begins to run on the latest of four possible dates. 28 U.S.C. § 2255(f). It usually runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). When a § 2255 petitioner does not file an appeal, the judgment of conviction is final when the time for filing a notice of appeal expires. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th

Cir. 2004); *United States v. Cottage,* 307 F.3d 494, 499 (6th Cir. 2002). According to Federal Rule of Appellate Procedure 4(b)(1), a defendant has fourteen days from the entry of judgment to file a notice of appeal. *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013.) When a petitioner appeals to the Sixth Circuit, the appeal is dismissed, and there is no evidence that the petitioner sought a writ of certiorari to the United States Supreme Court, "§ 2255's one-year limitation period begins to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003). Where there is no evidence that a writ of certiorari was pursued, the limitation period becomes one year after the time for seeking certiorari expired, i.e., 1 year and 69 days after the appeals court issued its mandate or 1 year and 90 days after the court of appeals entered its judgment. *Id.*

The one-year period can also run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

In the instant case, the appeal was denied on January 9, 2018 (R. 85). Accordingly, the motion to vacate should have been filed by April 9, 2019. Since Petitioner is a prisoner, the motion is considered filed "at the time the petitioner delivered it to prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). Petitioner signed the motion to vacate on April 16, 2019 and placed it in the prison mail on April 17, 2019. (R. 90.) Accordingly, his petition is untimely and should be dismissed.

To the extent that Petitioner is arguing that he is entitled to equitable tolling, I suggest that he is not. A petitioner seeking equitable tolling of the statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some

3

extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). "Ineffective assistance of counsel does not apply in this context, because [petitioner] possessed no right to counsel in the prosecution of a § 2255 motion." *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001). Although Petitioner contends that his untimeliness should be excused because he was in the special housing unit (SHU) since December 2018, in transit from February 2019, and in protective custody since March "to date" and has "still no access to my personal property" (R. 97 at PageID.545,) I note that he has nonetheless been able to file the notice, motion, and reply despite these conditions that he is allegedly continuing under. I therefore suggest that Petitioner has not shown that he is entitled to equitable tolling.

For all these reasons, I recommend that the Respondent's Motion to Dismiss (R. 95) be granted and the motion to vacate sentence (R. 90) be denied.

### III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health &*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.Date: August 8, 2019

S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

### CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Tracy Liegh Lafond #53300039 at Leavenworth U.S. Pentitentiary, Inmate Mail/Parcels, P.O. Box 1000, Leavenworth, KS 66048.

Date: August 8, 2019

By s/Kristen Castaneda
Case Manager

5