UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff- Respondent,                            Case No. 15-20788

v.                                                                 Honorable Thomas L. Ludington

TRACY LIEGH LAFOND,

    Defendant-Petitioner.

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255, GRANTING GOVERNMENT'S MOTION TO DISMISS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING IFP ON APPEAL**

On December 9, 2015, Defendant, Tracy Leigh Lafond, was indicted for one count of distributing child pornography, one count receiving child pornography, and one count possessing child pornography. ECF No. 1. On January 31, 2017, Defendant pled guilty to Count Two receiving child pornography. *See* ECF Nos. 56, 60. Defendant was sentenced on June 26, 2017 and judgment was entered on June 29, 2017. ECF No. 69. On July 6, 2017, Defendant filed a notice of appeal. ECF No. 70. On January 9, 2018, the Court of Appeals granted the Government's motion and dismissed Defendant's appeal. ECF No. 85.

On May 6, 2019, Plaintiff filed a Motion to Vacate his sentence under 28 U.S.C. § 2255. ECF No. 90. Respondent, United States of America, filed a Motion to Dismiss Petitioner's Motion to Vacate as untimely on May 15, 2019. ECF No. 95. Both motions were referred to Magistrate Judge Morris. ECF Nos. 92, 96.

On August 8, 2019, Judge Morris filed her report and recommended granting Respondent's Motion to Dismiss, denying Petitioner's Motion to Vacate, and dismissing the civil case. ECF No. 100. In her Report and Recommendation Judge Morris addressed the one-year statute of limitations

for Motions to Vacate from the Antiterrorism and Effective Death Penalty Act of 1906 ("AEDPA"). She calculated the final date for Petitioner to file a Motion to Vacate was April 9, 2019, but Petitioner did not furnish the petition to prison authorities until April 17, 2019. She also noted that due to Petitioner's ability to file his notice, motion, and reply while in custody, Petitioner was not entitled to equitable tolling. Therefore, Judge Morris recommended denying Petitioner's Motion to Vacate because it was untimely.

On August 28, 2019, Petitioner filed a "Motion to Object the Petitioner's Denial of Motion" (ECF No. 101) and a second list of objections without a title (ECF No. 103). Petitioner's documents ECF Nos. 101 and 103 both list objections to Judge Morris' Report and Recommendation. Therefore, ECF No. 101 will be construed an objection to the Report and Recommendation instead of a separate motion. For the following reasons, Plaintiff's objections will be overruled.

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

## II.

Petitioner presents six objections in ECF No. 101 and three objections in ECF No. 103. Multiple objections reference Petitioner's time "in transit" or his time in the "SHU." The Court does not have Petitioner's prison records or the details of these times "in transit" or in the "SHU." However, the Court will take notice of the events that transpired in the case at the time of each of these times in question. In his first objection in ECF 101, Petitioner claims he "received no correspondence from the Courts, to argue any objections or dismissals from the Government" when he was "in transit" from June 13, 2019 to August 13, 2019. ECF No. 101. The Court takes notice of the fact that June 13, 2019–August 13, 2019 is after Defendant was sentenced and after Petitioner filed his Motion to Vacate (ECF No. 90). Since Petitioner submitted his Motion to Vacate in May 2019 before he was "in transit," Petitioner's allegations of lack of correspondence

from the Court from June through August 2019 is irrelevant to the untimely filing of his Motion to Vacate. As such, Petitioner's objection will be overruled.

Petitioner's second objection is that he was in the "SHU" or "in transit" without access to his legal documents in December 2018 and February and March 2019. *Id.* Petitioner had been sentenced and had his appeal denied by that point in time, but had not yet filed his Motion to Vacate. ECF Nos. 69, 85. The deadline for his Motion to Vacate was April 9, 2019. Petitioner signed his Motion to Vacate on April 16, 2019 and placed it in the prison mail on April 17, 2019. *Id.* There was sufficient time between the time when Petitioner was not "in transit" (beginning March 22, 2019) until the time the motion was due (April 9, 2019) for Petitioner to timely file his motion to vacate. Petitioner's objection will be overruled.

Petitioner's third objection is a general claim about his lack of legal education. *Id.* This objection is not specific to Judge Morris' Report and Recommendation findings and will be overruled.

Petitioner's fourth objection is an allegation of government corruption that resulted in a longer sentence and allegations of attorney misconduct or malpractice. *Id.* Petitioner's fifth objection states that he never signed an appeal waiver and his attorney did not file objections when his original appeal was dismissed. *Id.* Petitioner's sixth objection accuses the government of "filing false documents and using false information to obtain a conviction." *Id.* These claims are not specific to Judge Morris' Report and Recommendation findings regarding his Motion to Vacate being untimely and as such will be overruled.

Petitioner's second set of objections, ECF No. 103, includes three objections to Judge Morris' Report and Recommendation. Petitioner's first objection is that his time to file a 2255 motion should have been tolled while he was "in transit" in February 2019 because he lacked

access to his legal papers. *Id.* However, despite Petitioner's continued claims that he still does not have access to his legal papers, Petitioner managed to file one set of objections to Judge Morris' Report and Recommendation on August 21, 2019. *Id.* The objections to the Report and Recommendation were due on August 22, 2019. Therefore, Petitioner's argument that he lacks his legal paperwork and therefore does not know when to file objections is undermined by his ability to timely file objections to the Report and Recommendation.

Petitioner's second objection is a rephrasing of his third objection in ECF No. 101, claiming he is a layman with no legal training and it is unfair for the government's legal scholars to deny his appeal because it was a week late. ECF No. 103. This objection is not specific to Judge Morris' report on the belated submission of his Motion to Vacate.

Petitioner's third objection alleges lawyer misconduct and claims he only agreed to the plea deal because he needed medical help, not because he was guilty. *Id.* This objection expresses Petitioner's frustration with the legal process, but does not respond to any findings in Judge Morris' Report and Recommendation, and as such will be overruled

**III.**

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must be issued. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."

*Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. Id. at 336–37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted. Petitioner will not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. See Fed. R. App. P. 24(a).

**IV.**

Accordingly, it is **ORDERED** that Petitioner's objections to the report and recommendation, ECF No. 101 and 103, are **OVERRULED**.

It is further **ORDERED** that the Magistrate Judge's report and recommendation, ECF No. 100, is **ADOPTED**.

It is further **ORDERED** that Petitioner's Motion to Vacate, ECF No. 90, is **DENIED**.

It is further **ORDERED** that Respondent's Motion to Dismiss, ECF No. 95, is **GRANTED.**

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED**.

Dated: September 11, 2019  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney record herein by electronic means and to **Tracy Liegh Lafond** #53300-039, MANCHESTER FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 4000, MANCHESTER, KY 40962 by first class U.S. mail on September 11, 2019.

          s/Kelly Winslow
          KELLY WINSLOW, Case Manager